IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. 72,570-01 & -02






EX PARTE JIMMY JACK SANDS, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 0116071 & 0216586 IN THE 8TH DISTRICT COURT


FROM HOPKINS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of retaliation
and bailing jumping and failure to appear. He was sentenced to two terms of ten years'
imprisonment. He did not appeal his convictions. 

 Applicant contends that he is being denied credit for time spent released to parole prior to
revocation. He also contends that he was credited with 134 days of pre-sentence time in cause
number 116071 but that records at the Texas Department of Criminal Justice do not reflect this time.
Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Spann, 132 S.W.3d 390
(Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). It
shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an
affidavit listing Applicant's sentence begin dates and the dates of issuance of any parole-revocation
warrants leading to the revocation of Applicant's parole. The affidavit should state whether
Applicant was serving a sentence for, or had previously been convicted of, an offense listed in Tex.
Gov't Code § 508.149(a) at the time of his revocation. The affidavit should also address how much
time was remaining on these sentences on the date Applicant was released to parole, and how much
time Applicant spent on release before the issuance of the parole-revocation warrant. The affidavit
should state whether Applicant is receiving credit for any of the time he spent on parole. The
affidavit should also state how much pre-sentence time was credited to Applicant's sentence in cause
number 0116071. Finally, the affidavit should indicate whether Applicant has submitted his claim
to the time credit resolution system of TDCJ, and if so, the date his claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. C ode Crim.
Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is eligible to earn street time credit, and if
so, whether he is entitled to credit for his time spent on release. The trial court shall also make
findings as to whether Applicant is receiving the proper amount of credit for that time. Finally, the
trial court shall make findings as to whether Applicant's pre-sentence time in cause number 0116071
was properly credited to his sentence. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: September 16, 2009

Do not publish